IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIK ANGUINO-MOSQUEDA,<br><br>Defendant. | Case No. 23-cr-00065-DKW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

On August 20, 2024, Defendant Erik Anguino-Mosqueda,[1] proceeding *pro se*, filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence from 46 months to 41 months based upon Amendment 821 to the United States Sentencing Guidelines.  Dkt. No. 35.  Among other things, and as relevant here, Amendment 821, effective as of November 2023, limits the "status points" that a defendant may receive at sentencing if he committed the instant offense while under an existing criminal justice sentence.  Here, review of Anguino-Mosqueda's Presentence Investigation Report ("PSR") reveals that he did not receive *any* status points when sentenced in March 2024.  Accordingly, because the portion of

---

[1] Although the Information spells Defendant's last name as "Anguiano-Mosqueda," *see* Dkt. No. 16 at 1, it appears the correct spelling is "Anguino-Mosqueda," *see* Dkt. No. 35 at 1. Accordingly, the Court will refer to him as "Anguino-Mosqueda" herein.

Amendment 821 on which Anguino-Mosqueda relies is inapplicable to his sentence, his motion, Dkt. No. 35, is DENIED.

## DISCUSSION[2]

Title 18 of the United States Code, Section 3582(c)(2), permits the Court to reduce a term of imprisonment if, *inter alia*, it was based on a sentencing range subsequently lowered by an amendment to the United States Sentencing Guidelines. Among other things, Amendment 821, which became effective on November 1, 2023, modified Section 4A1.1 of the Sentencing Guidelines to limit "status points"—that is, points added to a defendant's criminal history score if he "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *See* U.S.S.G. amend. 821, pt. A; U.S.S.G. § 4A1.1(e) (2023). As amended, Section 4A1.1(e) now restricts status points to one point for defendants with seven or more criminal history points, and eliminates them altogether for defendants with six or fewer criminal history points. *See id.*

Here, review of Anguino-Mosqueda's PSR[3] reveals that he did not receive *any* status points for committing the instant offense while under an existing

---

[2]Because Anguino-Mosqueda is *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[3]The Court adopted the PSR without relevant change at Anguino-Mosqueda's sentencing. *See* Dkt. No. 32.

criminal justice sentence.[4]  *See generally* Dkt. No. 26.  Rather, his criminal history score of 2 was based *entirely* on his prior convictions for driving while intoxicated and without a license.[5]  *See id.* at ¶¶ 38–39.  As such, the change in the Sentencing Guidelines reflected in Amendment 821 is inapplicable to Anguino-Mosqueda.[6]  His motion to modify his sentence pursuant to Section 3582(c)(2) is therefore DENIED.[7]

## CONCLUSION

For the reasons set forth herein, Anguino-Mosqueda's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Dkt. No. 35, is DENIED.

IT IS SO ORDERED.

DATED: September 3, 2024 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

[4] Of course, this is not surprising given that Anguino-Mosqueda was sentenced on March 13, 2024—more than four months after Amendment 821 took effect on November 1, 2023.  *See* Dkt. No. 32.

[5] Although Anguino-Mosqueda asserts he has 3 criminal history points, *see* Dkt. No. 35 at 1, review of his PSR reveals that he was only awarded 2, *see* Dkt. No. 26 at ¶ 40.  However, because none of these points are "status points," any such discrepancy does not make a difference to the instant analysis.

[6] Because Amendment 821 does not lower Anguino-Mosqueda's sentencing guideline range, the Court need not, and does not, address any other showing that must be made for a Section 3582(c)(2) motion to be granted.  *See* 18 U.S.C. § 3582(c)(2); *United States v. Mercado-Moreno*, 869 F.3d 942, 948–49 (9th Cir. 2017).

[7] The Court notes that this Order is entered prior to the deadline for the filing of Anguino-Mosqueda's reply brief, Dkt. No. 36, and prior to the filing of the same.  Nevertheless, because Amendment 821 is clearly inapplicable to Anguino-Mosqueda's sentence, his reply brief is unnecessary to the Court's adjudication of the instant motion.